# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GALE BLACK, *et al*., | ) Civil Action No. 11-1928 (JEB) |
| | ) |
| Plaintiffs, | ) |
| | ) **MOTION** |
| v. | ) **OF FRIENDS OF THE EARTH, INC.** |
| | ) **AND SIERRA CLUB** |
| | ) **TO INTERVENE AS DEFENDANTS** |
| RAY LAHOOD, *et al*., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pursuant to Federal Rules of Civil Procedure 24(a), (b), (c), and Local Rule 7(j) of this

Court, Friends of the Earth, Inc. and Sierra Club (collectively, "Movants") hereby move this

Court for leave to intervene in this proceeding as defendants. Movants seek intervention as of

right under Rule 24(a)(2), or, in the alternative, permissive intervention under Rule 24(b)(1). In

support of this motion, Movants submit the accompanying Memorandum of Points and

Authorities, attached Exhibits, and Proposed Order, as well as a proposed Motion to Dismiss and

Proposed Order pursuant to Rule 24(c).

Movants have conferred with the parties and counsel for the parties. Government counsel

have indicated to Counsel for Movants that Defendants, including all Federal and District

agencies and officials sued by Plaintiffs, take no position on Movants' intervention at this time.

Plaintiffs, who are pro se, are not unified as to whether they intend to oppose this motion.

Pursuant to the procedure set forth in Rule 24(c), Movants state the following as grounds

for this Motion to Intervene:

1. This action is a challenge by five individual residents of the District of Columbia (collectively, "Plaintiffs") to the environmental review by the District of Columbia Department of Transportation and the Federal Highway Administration of the Klingle Valley Trail Project ("Project").  The Project is designed to restore safe access to Klingle Valley Park, an important part of Rock Creek Park, in an environmentally beneficial way—by establishment of a pedestrian and bike trail and accompanying remediation of existing water pollution problems.  Movants are leading environmental organizations that have worked for many years to achieve such an outcome. Movants have participated at each significant stage in the process that ultimately resulted in the authorization for the Project and have testified multiple times in public sessions before the agencies and the D.C. Council and filed extensive comments regarding the goal of restoration of Klingle Valley Park.

2. Movants satisfy each requirement for intervention of right, pursuant to Federal Rule of Civil Procedure 24(a): this motion is timely; Movants claim an interest in the subject of this action; they are so situated that the disposition of the action may, as a practical matter, impair or impede their ability to protect that interest; and their interests may not be adequately represented by parties to the case.

3. Movants also satisfy the prerequisites for permissive intervention, pursuant to Federal Rule of Civil Procedure 24(b), because their defense and the main action share common questions of law and fact, and their intervention will not delay or prejudice the adjudication of any rights or defenses of the Parties.

Based on the grounds asserted in this Motion to Intervene and in the supporting Memorandum of Points and Authorities, Movants ask this Court to grant them intervention as of

right pursuant to Federal Rule of Civil Procedure 24(a) or, in the alternative, to grant permissive

intervention pursuant to Rule 24(b).


Dated: March 6, 2012                                      Respectfully submitted,


/s/ James B. Dougherty                      /s/ David T. Buente
James B. Dougherty (Bar No. 939538)         David T. Buente, Jr. (Bar No. 429503)
Law Office of J.B. Dougherty                Peter R. Steenland (Bar No. 79236)
709 Third Street, SW                        Ragu-Jara "Juge" Gregg (Bar No. 495645)
Washington, DC 20024                        SIDLEY AUSTIN LLP
Tel: (202) 488-1140                         1501 K Street, N.W.
Fax: (202) 484-1789                         Washington, D.C. 20005
jimdougherty@aol.com                        (202) 736-8000
                                            (202) 736-8711 (fax)
*Attorney for Proposed Defendant-Intervenor*   dbuente@sidley.com
*SIERRA CLUB*                               psteenland@sidley.com
                                            rjgregg@sidley.com

                                            AND

                                            /s/ Frances A. Dubrowski
                                            Frances A. Dubrowski (Bar No. 305391)
                                            Law Office of Frances A. Dubrowski
                                            3215 Klingle Rd., NW
                                            Washington, DC 20008
                                            Tel: 202-295-9009
                                            Fax: 202-342-0340
                                            dubrowski@aol.com

                                            *Attorneys for Proposed Defendant-Intervenor*
                                            *FRIENDS OF THE EARTH, INC.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GALE BLACK, *et al*., | ) | Civil Action No. 11-1928 (JEB) |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | **MEMORANDUM OF POINTS** |
| v. | ) | **AND AUTHORITIES IN SUPPORT** |
|  | ) | **OF MOTION TO INTERVENE** |
|  | ) | **OF FRIENDS OF THE EARTH, INC.** |
|  | ) | AND |
|  | ) | **SIERRA CLUB.** |
| RAY LAHOOD, *et al*., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## INTRODUCTION

Friends Of The Earth, Inc. and Sierra Club (collectively, "Movants") move to intervene

in this action by five individual residents of the District of Columbia (collectively, "Plaintiffs")

challenging the Defendants'[1] Environmental Assessment ("EA")[2] and Finding of No Significant

Impact ("FONSI")[3] for the Klingle Valley Trail Project ("Project"). *See* Gale Black, *et al*.,

Complaint for Declaratory, Injunctive And Other Relief, Dkt. #1 ("Complaint"). Movants seek to

---

[1] The Defendants include Secretary of the Department of Transportation Ray LaHood, United States Attorney General Eric Holder, U.S. Attorney for the District of Columbia Ronald C. Machen Jr., Administrator of the Federal Highways Administration (FHWA) Victor Mendez (automatically substituted under Federal Rule of Civil Procedure 25(d) for his predecessor in office, Mary Peters), Division Administrator for the Virginia Division of FHWA Roberto Fonseco-Martinez, Acting Attorney General for the District of Columbia Irving Nathan and Director of the District of Columbia Department of Transportation (DDOT) Terry Bellamy.

[2] Klingle Valley Trail, Final Environmental Assessment, Dec. 2010 ("EA"). The EA was prepared by DDOT and the Federal Highway Administration (FHWA) and was attached in part to Plaintiffs' Complaint.  It is available at http://www.klingletrail.com/EA.asp (Last visited Feb. 22, 2012).

[3] Finding of No Significant Impact for Klingle Valley Trail, signed Feb. 12, 2011 ("FONSI"). The FONSI, also prepared by DDOT and FHWA, is attached in part to Plaintiffs' Complaint and is available at http://www.klingletrail.com/main.asp, FONSI, (Last visited Feb. 22, 2012).

intervene to defend Defendants' correct conclusion that issuance of the EA and FONSI was warranted and consistent with the requirements of National Environmental Policy Act ("NEPA") and the Federal Aid Highway Act, and relevant statutes.

Movants are leading environmental organizations that have worked for many years to ensure that safe access to Klingle Valley Park, an important part of Rock Creek Park, is restored in an environmentally beneficial way—by establishment of a pedestrian and bike trail and accompanying remediation of existing water pollution problems. Movants have participated at each significant stage in the process that ultimately resulted in the authorization for the Project. As described in the Campbell, Doheny, and Blackwelder declarations, Ex. 1-3, Movants have testified multiple times in public sessions before the agencies and the D.C. Council and filed extensive comments regarding the goal of restoration of Klingle Valley Park, and should be allowed to participate in this proceeding.

A. Summary of Case

Plaintiffs challenge the environmental review documents for the Project, which will transform a 0.7-mile portion of Klingle Valley Park in northwest Washington, D.C. into a 10-foot wide trail for pedestrians and bicyclists, and will also improve the water quality of Klingle and Rock Creeks. The portion of Klingle Valley Park at issue was, until 1991, bisected by a roadway known as Klingle Road.  That Road has been barricaded to motor vehicles for more than two decades as a result of extensive damage to the old vehicular roadway and associated stormwater conveyances. EA S-1. The Road is unsafe for use by cars, pedestrians and cyclists. *Id.* In addition, portions of the Road have fallen into Klingle Creek, a tributary to Rock Creek,

and there are few, if any, controls remaining to manage stormwater runoff and minimize

pollution impacting Klingle and Rock Creeks.[4]

After the Road collapsed and was barricaded to motor vehicle traffic in 1991, there was a

long public debate regarding the fate of the Valley.  Movants have consistently advocated

remediation of the water pollution and safety problems created by the deterioration of the old

road, and reopening of the Valley to a safe pedestrian and bike trail, and opposed reopening the

Road to automobile and truck traffic.[5] In 2003, the D.C. Council passed a law calling for repair

of the Road and reopening of it to motor vehicle traffic, DC Law 15-39; DC Official Code § 9-

115.11, a law which Movants opposed.[6] Thereafter, DDOT/FHWA published their intent to

prepare a draft Environmental Impact Statement (Draft EIS) for the reconstruction of the Road.

EA S-2. Movants testified at a public meeting and commented on the Draft EIS in detail

opposing the plan to open the Road to automobiles and trucks.[7]  The public comment period on

the DEIS unearthed numerous and significant problems with the proposed road project (for

examples, see Friends of the Earth's comments, which are attached as Exhibit 11).  Thereafter

Movants continued to work with the D.C. Council and local citizens to highlight the problems

with the proposed road and to build support for remediating the stormwater problems and

reopening the Valley as a safe pedestrian and bike trail.[8] In 2008, the D.C. Council decided to

construct the Project, including remediation of the stormwater management systems and

---

[4] EA at S-4, S-5; Blackwelder Dec. ¶ 13, Ex. 3; Hayes Dec. ¶ 9, Ex. 5.
[5] Campbell Dec. ¶ 6, Ex. 1; Doheny Dec. ¶ 6, Ex. 2; Blackwelder Dec. ¶ 9, Ex. 3.  Although the Project, as designed, will allow emergency vehicles to access the trail, EA at S-4, references in this motion to opening up the Road to automobile traffic refer to proposals to allow general use of the Road for motor vehicles.
[6] Blackwelder Dec. ¶ 9, Ex. 3.
[7] Blackwelder Dec. ¶ 9, Ex. 3.
[8] Blackwelder Dec. ¶ 9, Ex. 3.

installation of a pedestrian and bicycle trail along the closed portion of Road, rather than to reopen it generally to motor vehicle traffic. *See* D.C. Code § 9-115.11; EA at S-2.

Plaintiffs' suit challenges the EA and FONSI, which were prepared by DDOT/FHWA to assess the potential environmental impacts of the Project and which determined that the Project will not have a significant adverse impact on the environment. During the deliberations on the EA and FONSI, Movants commented and testified in support of the Project and the EA.[9] Plaintiffs, however, allege that the Defendants violated NEPA and the Federal Aid Highway Act by issuing the EA and FONSI and seek declaratory and injunctive relief against Defendants. Complaint at p. 1-6. Plaintiffs wish to see all planning or other work on the Project halted, Complaint at p. 54, and argue that Klingle Road should be reconstructed to accommodate automobile and truck traffic. Complaint at 4-5, 13-18.

On February 13, 2012, the federal and the District defendants each filed separate motions to dismiss under Rules 12(b)(1) and 12(b)(6). Dkt. #9 and 10. Both sets of defendants argued that the Court lacks subject matter jurisdiction because plaintiffs failed to articulate any injury that is fairly traceable to the defendants' allegedly unlawful conduct and that the alleged injury is not likely to be redressed by the requested relief. Dkt. #9 at 3; Dkt. #10 at 2. Plaintiffs' claimed injuries, which arise from the unavailability of Klingle Road for public motor vehicle traffic, are not ones that are traceable to the violations they allege, nor will they be addressed by a remedy available in this suit. In addition, the District defendants argued that "Plaintiffs have failed to state a claim against the District Defendants upon which relief can be granted, as the Administrative Procedure Act … does not provide for a right of action against the government of the District of Columbia." Dkt. #10 at 2.

---

[9] Blackwelder Dec. ¶ 9, Ex. 3.

B.  Interests of Defendant-Intervenors Friends of the Earth and Sierra Club

Friends of the Earth is a part of Friends of the Earth International, a federation of grassroots groups working in seventy-six countries on today's most urgent environmental and social issues. Friends of the Earth is a non-profit, membership-based environmental organization dedicated to championing a healthy planet and a just world. Friends of the Earth and Sierra Club convened the DC Environmental Network (DCEN), a network of over 120 local and national organizations with a vision of rebuilding Washington, D.C.'s neighborhoods for long-term economic stability by protecting and restoring the capital city's urban environment. Having helped start DCEN in 1996, Friends of the Earth has a longstanding interest in environmental issues within Washington, D.C., including but not limited to the protection of Rock Creek, the Potomac River and Rock Creek Park. Friends of the Earth has over 10,000 members, including over 120 who live in Washington, D.C.[10]

The Sierra Club is a national conservation organization that has worked since 1892 to protect parks and other natural and wild places.  Its Washington, D.C. Chapter has defended D.C. parklands since the 1980s.  More than 2,300 Washington residents are dues-paying members of the Sierra Club.  The Sierra Club is dedicated to exploring, enjoying, and protecting the wild places of the Earth; to practicing and promoting the responsible use of the Earth's resources and ecosystems; to educating and enlisting humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out these objectives.[11]

Movants strongly support the Project and keeping Klingle Valley Park closed to non-emergency motor vehicles for a variety of reasons, which they have demonstrated in comments and testimony over the years.  Notably, both Movants have members who live near Rock Creek

---

[10] Pica Dec. ¶ 9, Ex. 7.
[11] "Sierra Club Policies," http://www.sierraclub.org/policy/.

Park and Klingle Valley Park and who have aesthetic, recreational, and health interests related to those areas and related traffic flows.[12] Movants and their members face the following harms:

Environmental impacts: Movants and their members will be harmed by the loss of imminent environmental improvements if Plaintiffs succeed in halting the Project. The Project provides for environmental restoration of the Klingle Creek and its watershed, including the removal of existing roadway pavement, concrete barriers, failed stormwater drainage infrastructure, and other debris from Klingle Valley Park. EA at S-4. In addition, the Project would provide long-term benefits to ground water, surface waters, and water quality within the project area due to a reduction in impervious surfaces and the stabilization of the stream channel, EA at S-9, reducing pollution to Klingle Creek and thereby to Rock Creek and ultimately to the Potomac River. The Project will involve installation of stormwater management infrastructure to address erosion and reduce the flow of sediment into Klingle Creek. Since Klingle Creek flows into Rock Creek, these improvements will benefit the water quality and ecological health of the entire Rock Creek watershed[13] and the Potomac River, into which Rock Creek discharges.

Increases in traffic: Movants' members live in the area of Klingle Valley Park.  They would be injured by the environmental and other impacts that would occur if Plaintiffs succeed in requiring the opening of Klingle Valley Park to automobiles and trucks.[14] The evidence compiled in the DDOT Traffic Impact Study, Ex. 9, demonstrates that reopening Klingle Road to

---

[12] Campbell Dec. ¶¶ 2-5, Ex. 1; Doheny Dec. ¶¶ 2-5, Ex. 2; Blackwelder Dec. ¶¶ 10-16, Ex. 3; Loikow Dec. ¶ 7-12, Ex. 4; Hayes Dec. ¶¶ 7-9, Ex. 5; Zuckerman Dec. ¶¶ 10-12, Ex. 6; Evans Dec. ¶ 11-15, Ex. 8.

[13] *See* Comments of Friends of the Earth on the Draft Environmental Impact Statement, 19 (Sept. 15, 2005), Ex. 11 (quoting "Klingle Valley Tributary: Environmental Analysis") (discussing expected improvements to fish and wildlife in Klingle Valley and how those improvements will benefit the ecological health of the Rock Creek watershed).

[14] Campbell Dec. ¶¶ 2, 5, Ex. 1; Doheny Dec. ¶¶ 2, 5, Ex. 2; Blackwelder Dec. ¶¶ 10, 15, Ex. 3; Loikow Dec. ¶¶ 7, 11 , Ex. 4.

automobiles and trucks would increase traffic congestion in the area, including creating significantly worse traffic at Beach Drive/Porter Street, somewhat worse traffic at seven other intersections, and no noticeable traffic improvements elsewhere in the study area. This increase in traffic congestion would increase automobile and truck emissions and pose unexamined safety risks to residents of the area, including Movants' members as well as to area school children, as there are six schools within a short distance of the west end of the Valley.[15]

Loss of recreational opportunities: Movants have members that regularly use and enjoy Rock Creek Park, including Klingle Valley Park, and would use a pedestrian and bicycle trail in Klingle Valley Park if the Project is completed.[16] Movants' members hike, bike, picnic, observe geology, birdwatch, observe nature, and lead flower spotting walks in those areas, as well as enjoy views over the Valley.[17] If the Project is halted, those members will not see the environmental benefits to Rock Creek Park (e.g., improved water quality and ecosystem health discussed above) that will result from improvements to Klingle Valley Park. In addition, those members will continue to be denied the opportunity to recreate safely in the currently barricaded Klingle Valley Park.[18] Finally, Movants' members would not be able to take advantage of the added trail links to existing bicycle and pedestrian systems on the east and west ends of the area that the Project would provide. EA at S-1.

Wasteful spending. Movants and their members are concerned about the wasteful spending that would be necessary to reopen the portion of Klingle Road to automobile and truck

---

[15] Loikow Dec. ¶ 11, Ex. 4.

[16] Campbell Dec. ¶ 4, Ex. 1; Doheny Dec. ¶ 4, Ex. 2; Blackwelder Dec. ¶ 12, Ex. 3; Loikow Dec. ¶ 8, Ex. 4; Hayes Dec. ¶¶ 7-8, Ex. 5; Zuckerman Dec. ¶ 11, Ex. 6; Evans Dec. ¶¶ 12, 14, Ex. 8.

[17] Campbell Dec. ¶¶ 3-4, Ex. 1; Doheny Dec. ¶¶ 3-4, Ex. 2; Blackwelder Dec. ¶¶ 11-12, Ex. 3; Loikow Dec. ¶ 8, Ex. 4; Hayes Dec. ¶¶ 7-8, Ex. 5; Zuckerman Dec. ¶ 11, Ex. 6; Evans Dec. ¶¶ 12, 14, Ex. 8.

[18] Blackwelder Dec. ¶ 12, Ex. 3; Loikow Dec. ¶ 8, Ex. 4; Evans Dec. ¶ 14, Ex. 8.

traffic.[19] Building the road infrastructure to be able to open the Road up to automobile and truck traffic will cost substantially more than the cost of Project's bicycle and pedestrian trail.  Since 1994, Friends of the Earth, along with Taxpayers for Common Sense and the U.S. Public Interest Research Group, have spearheaded the *Green Scissors Campaign*, an effort to end wasteful government subsidies for destroying precious natural resources.[20] In 2003, the *Green Scissors Campaign* for the District of Columbia, part of this national campaign, featured the proposed reconstruction of Klingle Road for automobile and truck use as the lead project that should be scrapped.[21]

Movants have significant legal and policy interests in this lawsuit and defending Defendants' decision. Movants therefore seek to intervene in this case to support Defendants' decision and oppose Plaintiffs' attempt to force the opening of Klingle Road for automobile and truck traffic. For the reasons stated below, this Court should grant Movants' motion for leave to intervene pursuant to Federal Rule of Civil Procedure 24(a), or in the alternative, pursuant to Rule 24(b).

## ARGUMENT

### I.   Movants Are Entitled to Intervene as of Right Pursuant to Federal Rule of Civil Procedure 24(a)

Federal Rule of Civil Procedure 24(a) states in relevant part:

On timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

---

[19] Blackwelder Dec. ¶ 16, Ex. 3; Loikow Dec. ¶ 9, Ex. 4.
[20] Blackwelder Dec. ¶ 9, Ex. 3.
[21] "Green Scissors 2003, District of Columbia: 8 recommendations to save money and protect the environment in the District of Columbia." Ex. 10.

The D.C. Circuit has crafted a four part test for determining if an applicant has a right to intervene under Rule 24(a): (1) the motion must be timely; (2) the applicant must assert a "significantly protectable" interest relating to property or a transaction that is the subject matter of litigation; (3) the applicant must be situated so that disposition of the action may as a practical matter impair or impede the interest; and (4) the applicant's interest must be inadequately represented by the parties. *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003). Movants satisfy each prong of this test and therefore should be permitted to intervene as of right.[22]

A.      This Motion to Intervene is timely.

As "[t]imeliness is to be determined by looking at all of the circumstances relevant to the case and the motion," there can be no doubt that Movants' motion is timely. *See Hardin v. Jackson*, 600 F. Supp. 2d 13, 16 (D.D.C. 2009) (citation omitted). This case is still in its earliest phases. Plaintiffs filed their Complaint on November 1, 2011 and Defendants filed motions to dismiss on February 13, 2012.  On March 1, 2012, Plaintiffs filed an unopposed motion for an extension of time to file responses and motions, asking the Court to grant them until April 18, 2012 to respond to the government defendants' filings.  Dkt. # 12. Because Plaintiffs have not even responded to the government defendants' motions yet, granting Movants' timely Motion will not cause any delays. Furthermore, because Movants agree to comply with any forthcoming scheduling orders, will take no separate steps to prolong this litigation, and will endeavor to avoid duplication of issues with the other parties, there is no danger of prejudice to Plaintiffs or

---

[22] Pursuant to the Rule 24(c)'s requirement that an applicant for intervention accompany its motion with "an original of the pleading setting forth the claim or defense for which intervention is sought," Movants are also filing today an accompanying Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(1), (6), which incorporates by reference the Motions to Dismiss by the Defendants filed on February 13, 2012.

to Defendants.[23] In short, under any test of timeliness, this Motion satisfies the provision of Rule 24 (a)(2).

      B.      <u>Movants have legally protected interests that would be affected by plaintiffs' suit</u>.

As explained by the D.C. Circuit, "in the intervention area, the interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967) (quotation omitted). Intervention is warranted because Movants' members will be directly affected if Plaintiffs prevail in this litigation.

Movants have members who live near Rock Creek Park and Klingle Valley Park and who have aesthetic, recreational, and health interests related to those areas and related traffic flows, as described above and in the attached declarations.[24] If Plaintiffs are successful in challenging the EA and FONSI, Movants' will be harmed because the Project, as designed, could be stopped. That would mean that Movants' members who wish to have access to Klingle Valley Park via a pedestrian and bike trail will be denied that opportunity. Further, the water quality improvement measures that are designed as part of the Project may not be built.[25] More fundamentally, the portions of the prior road and other debris that have piled up in Klingle Creek would not be moved, thus continuing a serious, existing safety hazard and source of pollution.

In addition, if Plaintiffs succeed in their goal of having the road rebuilt, runoff from that impermeable surface will harm water quality in Klingle and Rock Creeks, thereby harming

---

[23] Movants will endeavor not to duplicate filings by the Defendants; rather to make filings where the Movants have a different position than Defendants.

[24] Campbell Dec. ¶¶ 2-5, Ex. 1; Doheny Dec. ¶¶ 2-5, Ex. 2; Blackwelder Dec. ¶¶ 10-16, Ex. 3; Loikow Dec. ¶¶ 7-12, Ex. 4;  Hayes Dec. ¶¶ 7-9, Ex. 5;  Zuckerman Dec. ¶¶ 10-12, Ex. 6; Evans Dec. ¶¶ 11-15, Ex. 8.

[25] These measures include a permeable trail, a drainage swale, check dams and other stormwater management devices. EA at S-8.

Movants' members who visit and care about Rock Creek.[26] Further, the increased traffic congestion and concomitant increased air pollution that would result from opening Klingle Valley Park up to automobiles and trucks would harm Movants' members who live in the area near Rock Creek Park and Klingle Valley Park, and would use the Valley for recreational pursuits.

Further, Movants have invested considerable institutional resources in opposing re-opening Klingle Valley Park to automobile and truck traffic and to supporting the eventual Project; "[a] public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported." *Idaho Farm Bureau Federation v. Babbitt*, 58 F.3d 1392, 1398 (9th Cir. 1995) (permitting intervention as of right in suit challenging listing of endangered species where environmental groups had "filed a suit to compel FWS to make a final decision on the proposed listing rule.").[27] Indeed, Movants have been involved in every significant stage of the debate about the fate of Klingle Road since the Road was closed due to its collapse in 1991.[28] Over the course of the last two decades, Movants have written extensive comments and testified multiple times about what should be done with Klingle Valley Park.[29] Thus, Movants, on behalf of their membership, have direct legal and

---

[26] Blackwelder Dec. ¶ 13, Ex. 3; Loikow Dec. ¶ 12, Ex. 4; Hayes Dec. ¶ 9, Ex. 5; Zuckerman Dec. ¶ 12, Ex. 6; Evans Dec. ¶ 15, Ex. 8.

[27] *See also Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of the Interior*, 100 F.3d 837, 846 (10th Cir. 1996) ("primary advocate" of Mexican spotted owl during the listing process had sufficient interest to intervene in a challenge to that listing); *National Mining Ass'n v. Jackson*, No. 10-1220(RWB), 2010 U.S. Dist. LEXIS 141115, at *2-*4 (D.D.C., Nov. 8, 2010) (Walton, J.) (granting Sierra Club and other environmental organizations intervention to support EPA in mining industry challenge to EPA Clean Water Act policy); *American Petroleum Institute v. Johnson*, 541 F.Supp. 2d 165 (D.D.C. 2008) (Friedman, J.) (to same effect in industry suit versus EPA).

[28] Blackwelder Dec. ¶ 9, Ex. 3;

[29] Campbell Dec. ¶ 6, Ex. 1; Doheny Dec. ¶ 6, Ex. 2; Blackwelder Dec. ¶ 9, Ex. 3.

11

policy interests in the subjects of Plaintiffs' suit that should be protected by intervention as of right in this action.

C.    The disposition of this case may impair or impede Movants' ability to protect their interests and the interests of their members.

To show impairment of interests for the purposes of Rule 24(a)(2), a proposed intervenor need show only that the disposition of an action "*may* as a practical matter," impede the intervenor's ability to protect its interests in the subject of the action. Fed. R. Civ. P. 24(a)(2) (emphasis added).[30] Where the relief sought by the Plaintiffs would have direct, immediate, and harmful impact on a third party's interests, that adverse impact is sufficient to satisfy Rule 24(a)(2). *Fund for Animals,* 322 F.3d at 735 (granting defensive intervention to support governmental agency even where movant-intervenor had options to seek future corrective actions).

Plaintiffs seek to establish in this case that Defendants did not have the legal authority to approve the environmental review of the Project.  Disposition of this claim in favor of the Plaintiffs will have an immediate and significant adverse impact on the interests of Movants' members by halting the Project in its tracks. Further, as discussed above and in the attached declarations, if Plaintiffs' succeed in their goal of having Klingle Valley Park re-opened to automobile and truck traffic, Movants will be further harmed. Finally, intervention of right is warranted where there is a possibility that the remedies sought by Plaintiffs may have *stare decisis* impacts setting precedent that may harm Movants' ability to reestablish the status quo. *Fund for Animals*, 322 F.3d at 735 ("Regardless of whether the [Movant-Intervenor] could

---

[30] Fed. R. Civ. P. 24 advisory committee's notes to 1966 Amend. ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene ….").

reverse an unfavorable ruling by bringing a separate lawsuit, there is no question that the task of reestablishing the status quo if the [Plaintiff] succeeds in this case will be difficult and burdensome.). Given the certain and significant potential impacts of Plaintiffs' claims on Movants' members, intervention as of right is warranted.

D.    Movants' interests may not be adequately represented by the Defendants and will not be adequately represented by Plaintiffs.

Rule 24(a)(2) "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10, 92 S. Ct. 630 (1972) (citation omitted). "A showing that existing representation is inadequate 'is not onerous.'" *Hardin v. Jackson*, 600 F. Supp. 2d at 16 (citing *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986)). The current defendants cannot adequately represent Movants' interest in this matter.

Obviously, Movants' interests are directly opposed to those of Plaintiffs – hence Plaintiffs will not represent the Movants' interests. Nor can Defendants adequately represent Movants' interests. As government agencies, Defendants are focused on a broad "representation of the general public interest," not the "narrower interest" of a particular intervenor. *Cf. Dimond*, 792 F.2d at 192-93 (finding an agency "would be shirking its duty were it to advance [an individual's] narrower interest at the expense of its representation of the general public interest"). In contrast to Defendants, Movants have a specific interest in protecting the environment of Rock Creek Park, Klingle Valley Park, and the surrounding areas and ensuring their members' ability to use and enjoy those areas.

Movants' expectation that Defendants will now proceed with the Project does not give Movants the ability to rely solely on Defendants to defend their interests. "Although there may

be a partial congruence of interests, that does not guarantee the adequacy of representation." *Fund for Animals*, 322 F.3d at 736-37 (granting intervention where federal defendant and movant's interests "might diverge during the course of litigation"). Even if Movants' interests and Defendants' interests are closely aligned, "that [would] not necessarily mean that adequacy of representation is ensured." *NRDC v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977) (noting that "participation by the intervenor might provide a very helpful supplement to the defense"). Precisely because Movants' interests are "more narrow and focused than" Defendants, Movants' participation is "likely to serve as a vigorous and helpful supplement to [Defendants'] defense." *Id.* Accordingly, Movants should be allowed to intervene as of right to fully and fairly represent the legitimate interests of their members in this litigation. *National Mining Ass'n v. Jackson*, No. 10-1220, 2010 U.S. Dist. LEXIS 14115, at *4 (D.D.C., Nov. 8, 2010) (Walton, J.) (granting Sierra Club intervention when it showed that its interests will not be adequately protected by the federal defendant U.S. EPA).

## II.    In the Alternative, Movants Should Be Granted Leave for Permissive Intervention Under Federal Rule of Civil Procedure 24(b)

Federal Rule of Civil Procedure 24 contemplates two forms of intervention – intervention as of right and permissive intervention – and a court may grant an intervenor's motion on either basis. *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. AFL-CIO, Local 283 v. Scofield*, 382 U.S. 205, 217 n.10, 86 S. Ct. 373 (1965). Regarding permissive intervention, Rule 24(b) provides "on timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention is available on a showing of "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of

law or fact in common with the main action." *EEOC v. National Children's Center*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).

As demonstrated above, Movants' Motion to Intervene is timely, will not cause undue delay, and will not prejudice Plaintiffs or Defendants. Moreover, as discussed above, Movants possess legally protectable interests in their members' economic interests and legal rights. The potential for harm to those interests from Plaintiffs' suit provides an independent basis for intervention, particularly given the minimal showing required by Federal Rule of Civil Procedure 24(b). Also, Movants' members' legal and policy interests are directly at issue in this suit, and thus Movants' own interests are at issue.

Movants are asserting a concrete interest in the construction of the Project, as designed, and an interest in ensuring that Klingle Valley Park is not reopened to automobile and truck traffic. Movants support Defendants' decision to approve the EA and FONSI and move forward with the project and will be offering defenses that overlap with the common questions of fact and law that will be raised by the Plaintiffs and Defendants. Therefore, the requirements for permissive intervention are fully satisfied, and because intervention would contribute to the just and equitable adjudication of the legal questions presented, it should be permitted.

## III.   Movants Have Standing to Intervene as Defendants.

If the Court determines that Article III standing is required for Movants to intervene as defendants,[31] *National Mining Ass'n v. Jackson*, No. 10-1220, 2010 U.S. Dist. LEXIS 14115, at

---

[31] The D.C. Circuit has indicated that Article III standing should not be required of any party seeking to intervene as a defendant, *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003), *cert. denied*, 542 U.S. 915 (2004) ("Requiring standing of someone who seeks to intervene as a defendant ... runs into the doctrine that the standing inquiry is directed at those who invoke the court's jurisdiction") (citations omitted), a principle also suggested recently by the Supreme Court, *Bond v. United States*, __ U.S. __, 131 S. Ct. 2355, 2361-62 (2011). However, the D.C. Circuit has sometimes said standing for intervenors must be demonstrated. *See Nat'l Mining Ass'n*, 2010 U.S. Dist. LEXIS 141115, at *3-*4 (citing cases).  At the very

*3-*4 (D.D.C., Nov. 8, 2010) (Walton, J.) (suggesting that defendant intervenors must demonstrate standing), Movants meet this standard.[32] Standing requires a showing of: (1) injury in fact; (2) a causal relationship between the injury and the challenged action, such that the injury can be fairly traced to the challenged action; and (3) the likelihood that a favorable decision will redress the injury. *Natural Res. Def. Council v. EPA*, 489 F.3d 1364, 1370 (D.C. Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130 (1992)). After finding that a single movant satisfies these standing requirements, the Court may grant intervention to all Movants. *See*, *e.g.*, *Military Toxics Project v. E.P.A.*, 146 F.3d 948, 954 (D.C. Cir. 1998) (granting intervention to all co-applicants based on a finding for one named intervenor-applicant).

First, Movants have associational standing. Under this standard, an association "must demonstrate that at least one member would have standing under Article III to sue in his or her own right, that the interests it seeks to protect are germane to its purposes, and that neither the claim asserted nor the relief requested requires that an individual member participate in the lawsuit." *NRDC*, 489 F.3d at 1370 (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 342-43, 97 S. Ct. 2434 (1977)). For reasons similar to those demonstrated above showing that Movants and their members satisfy the standard to intervene of right, Movants' members would have Article III standing in their own right. *See Friends of the Earth, Inc. v. Laidlaw*

---

least, it is "academic," here as "any person who satisfies Rule 24(a) will also meet Article III's standing requirement," *Roeder*, 333 F.3d at 233, and Movants satisfy Rule 24(a), as discussed above.

[32] Movants have provided declarations in support of their motion although they do not believe that the Court's rules or precedent require an intervenor in support of defendants to provide evidence of standing at the motion to intervene stage. *Cf. County of San Miguel, Colo. v. MacDonald*, 244 F.R.D. 36, 45 n.15 (D.D.C. 2007) (citing *Sierra Club v. EPA*, 292 F.3d 895, 900-901 (D.C. Cir. 2002)). If the Court requires the presentation of additional evidence, Movants are prepared to provide further evidence at an appropriate time.

*Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 181-82, 120 S. Ct. 693 (2000) (finding that Friends of the Earth had standing because of members who "lived a half-mile from [the] facility" at issue, who expressed concern about pollution of the river, who "occasionally drove over the … [r]iver" at issue, and who "picnicked, walked, birdwatched, and waded in and along the … River because of the natural beauty of the area"); *cf. Fund for Animals*, 322 F.3d at 735 (holding that finding standing is sufficient to establish an "interest" under Rule 24(a)(2)).

Movants' members have legally protected recreational and aesthetic interests in the Project and the areas addressed by the EA and FONSI, including Rock Creek Park and Klingle Valley Park, as discussed above. Movants' members use and enjoyment of the area will likely be harmed if Plaintiffs succeed in their efforts to halt the Project and force Klingle Valley Park to be opened to automobile and truck traffic. Movants' members have used and wish to use Klingle Valley Park for recreation purposes. *See Theodore Roosevelt Conservation P'ship v. Salazar*, 616 F.3d 497, 507 (D.C. Cir. 2010) (finding standing based on "declarations from members of [the conservation] organizations that established those members' past and intended future use of the land"). Further, as discussed above, an impervious road will likely harm water quality in the park, and the increase in congestion in the area will harm the air quality enjoyed by Movants' members. The resulting injuries to the interests of Movants' members are sufficient to establish Movants' standing. *Cf. NRDC*, 489 F.3d at 1371 (finding standing where organization's members "use or live in areas affected" by the action at issue "and are persons 'for whom the aesthetic and recreational values of the area'" would be lessened as a result of the action) (quotation omitted). Protecting these interests is both germane and an important part of Movants' organizational missions.

This Court can redress, or prevent, this harm by denying Plaintiffs' requested relief. Doing so would allow the Project to progress as designed. Movants also have standing in their own right, separate and apart from their members, due to their concrete, institutional interest in the subject matter of this action, the harm Plaintiffs' suit causes or is likely to cause to Movants' interests, and this Court's authority to redress this harm by denying relief to Plaintiffs. *Cf. Friends of Animals v. Salazar*, 626 F. Supp. 2d 102, 113 (D.D.C. 2009) (Kennedy, J.) ("A plaintiff suffers an organizational injury if the alleged violation 'perceptibly impair[s]' its ability to carry out its activities.") (citing cases). As part of their core mission, Movants expend resources and engage in frequent activities to educate the public about environmental issues and protect their members and local communities from the air and water impacts that would result from halting the Project and opening up Klingle Valley Park to automobiles and trucks.[33]

Finally, Movants are squarely within the "zone of interests" protected and regulated by NEPA and therefore satisfy the requirements for prudential standing. *See Mountain States Legal Found. v. Glickman*, 92 F.3d 1228, 1236 (D.C. Cir. 1996) (Organizations "whose members use the [area at issue] for such purposes as hiking are plainly within the zone of interests protected by NEPA.") The interests of Movants and their members are grounded in the issues addressed in the NEPA review (the EA and the FONSI). The considerations that the defendant agencies are required to address during the NEPA process are designed to protect Movants' interests.

## CONCLUSION

Movants respectfully request leave to intervene of right in this matter, pursuant to Federal Rule of Civil Procedure 24(a). In the alternative, Movants respectfully request leave for permissive intervention, pursuant to Rule 24(b).

---

[33] Pica Dec. ¶ 8, Ex. 7.

Dated: March 6, 2012                              Respectfully submitted,


/s/ James B. Dougherty                   /s/ David T. Buente
James B. Dougherty (Bar No. 939538)      David T. Buente, Jr. (Bar No. 429503)
Law Office of J.B. Dougherty             Peter R. Steenland (Bar No. 79236)
709 Third Street, SW                     Ragu-Jara "Juge" Gregg (Bar No. 495645)
Washington, DC 20024                     SIDLEY AUSTIN LLP
Tel: (202) 488-1140                      1501 K Street, N.W.
Fax: (202) 484-1789                      Washington, D.C. 20005
jimdougherty@aol.com                     (202) 736-8000
                                         (202) 736-8711 (fax)
*Attorney for Proposed Defendant-Intervenor*   dbuente@sidley.com
*SIERRA CLUB*                            psteenland@sidley.com
                                         rjgregg@sidley.com

                                         AND

                                         /s/ Frances A. Dubrowski
                                         Frances A. Dubrowski (Bar No. 305391)
                                         Law Office of Frances A. Dubrowski
                                         3215 Klingle Rd., NW
                                         Washington, DC 20008
                                         Tel: 202-295-9009
                                         Fax: 202-342-0340
                                         dubrowski@aol.com

                                         *Attorneys for Proposed Defendant-Intervenor*
                                         *FRIENDS OF THE EARTH, INC.*


19

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GALE BLACK, *et al*., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Civil Action No. 11-1928 (JEB) |
| | ) |
| | ) |
| RAY LAHOOD, *et al*., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE RULE LCvR 7.1

I, the undersigned, counsel of record for Movants Friends of the Earth, Inc., and the

Sierra Club, certify that to the best of my knowledge and belief, the following are parent

companies, subsidiaries or affiliates of Friends of the Earth, Inc., and the Sierra Club which have

any outstanding securities in the hands of the public.

Friends of the Earth, Inc. – none
Sierra Club – none

These representations are made in order that judges of this court may determine the need

for recusal.

/s/ James B. Dougherty
James B. Dougherty (Bar No. 939538)
Law Office of J.B. Dougherty
709 Third Street, SW
Washington, DC 20024
Tel: (202) 488-1140
Fax: (202) 484-1789
jimdougherty@aol.com

*Attorney for Proposed Defendant-Intervenor*
*SIERRA CLUB*

/s/ David T. Buente
David T. Buente, Jr. (Bar No. 429503)
Peter R. Steenland (Bar No. 79236)
Ragu-Jara "Juge" Gregg (Bar No. 495645)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000
(202) 736-8711 (fax)
dbuente@sidley.com
psteenland@sidley.com
rjgregg@sidley.com

AND

/s/ Frances A. Dubrowski
Frances A. Dubrowski (Bar No. 305391)
Law Office of Frances A. Dubrowski
3215 Klingle Rd., NW
Washington, DC 20008
Tel: 202-295-9009
Fax: 202-342-0340
dubrowski@aol.com

*Attorneys for Proposed Defendant-Intervenor*
*FRIENDS OF THE EARTH, INC.*

2

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2012, I caused true and correct copies of the foregoing Motion to Intervene of Friends of the Earth, Inc. and Sierra Club, Memorandum of Points and Authorities in Support of Motion to Intervene of Friends of the Earth, Inc. and Sierra Club, the Proposed Intervenors-Movants' Motion to Dismiss, and the Proposed Orders, to be served by U.S. Mail, first class postage prepaid on pro se Plaintiffs:

GALE BLACK
1761 Crestwood Drive, NW
Washington, D.C. 20011-5333

ELEANOR OLIVER
3429 34th Place NW
Washington, DC 20016-3135

STEPHEN A. WHATLEY
1315 Fern Street, NW
Washington, D.C. 20012-2331

PATRICIA HAHN
3516 30th Street, NW
Washington, DC 20008-3250

LEWIS BASKERVILLE
1812 Allison Street, NW
Washington, DC 20011-3736

And by email to the Court for ECF service on:

IRVIN B. NATHAN
Attorney General for the District of Columbia

IGNACIA MORENO
Assistant Attorney General

ELLEN A. EFROS
Deputy Attorney General
Public Interest Division

STACEY BOSSHARDT, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section

GRACE GRAHAM [472878]
Section Chief, Equity

P.O. Box 663
Washington, D.C. 20044
(202) 514-2912

CHAD A. NASO [1001694]
Assistant Attorney General
Office of the Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 724-7854 (o)
(202) 741-8951 (f)

stacey.bosshardt@usdoj.gov

RONALD C. MACHEN JR.
United States Attorney

RUDOLPH CONTRERAS
Chief, Civil Division

JANE M. LYONS
Assistant United States Attorney
555 4th Street, N.W. – Room E4104

/s/ David T. Buente
David T. Buente, Jr. (Bar No. 429503)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005

2