**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GALE BLACK,** *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No.  11-1928 (JEB)** |
| **RAY LAHOOD,** *et al.*, | |
| **Defendants.** | |

## ORDER

On November 1, 2011, five *pro se* Plaintiffs filed this action against federal and District of Columbia officials relating to the conversion of Klingle Road in Washington into a muti-use trail that would exclude automobile traffic.  Defendants filed separate motions to dismiss on February 13, 2012, which have not yet been fully briefed.  On March 6, Friends of the Earth, Inc. and Sierra Club jointly moved to intervene as Defendants.  Plaintiffs have opposed such intervention on several grounds.  As their protests are unavailing, the Court will grant the Motion and permit intervention.

### I.  Legal Standard

Federal Rule of Civil Procedure 24(a) addresses intervention of right, and Rule 24(b) covers permissive intervention.  Rule 24(a)(2) <u>requires</u> the Court to permit anyone to intervene who "claims an interest relating to the . . .  transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Put another way, "a party seeking to intervene as of right must satisfy four requirements: 1) the application to intervene must be timely, 2) the party must have an interest relating to the property

1

or transaction which is the subject of the action, 3) the party must be so situated that the disposition of the action may, as a practical matter, impair or impede the party's ability to protect that interest, and 4) the party's interest must not be adequately represented by existing parties to the action." Building and Const. Trades Dept., AFL-CIO v. Reich, 40 F.3d 1275, 1282 (D.C. Cir. 1994) (citation omitted).

Rule 24(b), conversely, allows the Court to grant intervention where the intervenor makes a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court also "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## II. Analysis

Although Intervenors may be able to intervene here as a matter of right, the Court need not so decide because it will grant them permissive intervention. In contesting Intervenors' request for permissive intervention, Plaintiffs raise several arguments. They do not, however, claim that Intervenors' defense does not share a common question of law or fact with the main action. This concession is wise given that the defense is closely bound up with Defendants' positions. The Court will now consider Plaintiffs' arguments in turn.

Plaintiffs first contend that the Motion is not timely. Opp. at 2-3. Yet, Plaintiffs filed the suit only four months before Intervenors filed their Motion here, service was perfected less than three weeks before the Motion, Defendants have yet to answer, and the briefing on Defendants' motions to dismiss will not be completed until May 17. The Court can easily find the Motion to be timely.

Second, Plaintiffs maintain that Intervenors will unduly delay the case and expand the record.  Id.  Intervenors, however, have filed a proposed motion to dismiss – if they are allowed to intervene – that simply incorporates the arguments presented by the other Defendants.  See Motion, Attach. 2 (Intervenors' Motion to Dismiss) at 1.  Intervention would thus not in any way delay consideration of the motions to dismiss.  Plaintiffs have not otherwise explained how intervention will delay the case in the event Defendants' motions to dismiss are unsuccessful.

Third, Plaintiffs argue that Intervenors have violated Fed. R. Civ. P. 24(c) and LCivR 7(j), which require that a motion to intervene be accompanied by a pleading setting out the proposed defense.  Here Intervenors have attached a Motion to Dismiss.  See Motion, Attach. 2. That it incorporates other Defendants' arguments does not make it any less a pleading that sets out Intervenors' defenses.  These rules are thus satisfied.

Finally, Plaintiffs argue that Intervenors should be "barred from injecting new evidence and collateral issues into this litigation" and that they be restricted in the evidence they offer. Opp. at 6-7.  Such an argument appears premature at this time.  In the event that Intervenors subsequently seek, in Plaintiffs' view, to improperly expand the scope of the case, Plaintiffs may raise this issue again before the Court.

The Court, accordingly, ORDERS that:

1.  Intervenors' Motion is GRANTED;

2.  Intervenors are permitted to intervene under Fed. R. Civ. P. 24(b); and

3.  Intervenors' Motion to Dismiss is deemed FILED.

IT IS SO ORDERED.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  March 1, 2012

3